UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILLIP BURTON HAUSKEN,<br><br>                Plaintiff,<br><br>   v.<br><br>BERNIE WARNER, SUPERINTENDENT MONROE CORRECTIONAL COMPLEX, MR. LAFRENIERE, DANIEL LEWIS, and the DEPARTMENT OF CORRECTIONS<br><br>                Defendants. | No. 14-5072RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: MARCH 14, 2014** |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff's application to proceed *in forma pauperis* (Dkt. 3) is currently pending before the Court. The Court has reviewed Plaintiff's proposed civil rights complaint and has determined that the complaint is malicious. The Court recommends denying plaintiff's motion to proceed *in forma pauperis* and dismissing this action.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a

REPORT AND RECOMMENDATION - 1

defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); *See Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In his complaint, Plaintiff seeks monetary damages for a fifty cent a month television cable assessment imposed on all inmates.  Dkt. 1.  Plaintiff alleges that he is in a special housing unit that does not have cable television.  *Id*.  Plaintiff states that he is seeking injunctive relief on this issue in an action that is before Magistrate Judge Creatura.  Dkt. 1, p. 3.  Plaintiff has filed six actions in the last eighteen months challenging the fact that prison officials are taking fifty cents a month from his prison account for cable television.  The actions are:

1. 12-5882BHS/JRC,   Hausken v. Lewis et al,
2. 13-5346RBJ/JRC,   Hausken v. Lewis et al,
3. 13-5560BHS/JRC,   Hausken v. Vande Weye et al,
4. 14-5037BHS/JRC    Hausken v. Smolech et al,
5. 14-5072RBL/KLS    Hausken v. Warner et al, and
6. 14-5138BHS/KLS    Hausken v. Department of Corrections et al.

In the first action, 12-5882BHS/JRC, the Court granted defendants qualified immunity from damages because the defendants are acting pursuant to a state law, RCW 72.09.470, but the Court is proceeding with plaintiff's request for injunctive relief (12-5882BHS/JRC ECF No. 40).  A motion to for default is before that court and ripe for consideration (12-5882BHS/JRC ECF No. 42).  Thus, the first action is still an active case and the issue of the state taking money from plaintiff's trust account is still before that court.

In the second action, 13-5346RBJ, the court denied plaintiff *in forma pauperis* status because the action was duplicative (13-5346RBJ ECF No. 8). The court's denial of *in forma pauperis* status saved petitioner the $350 filing fee and also prevented petitioner from receiving a strike for filing a duplicative action.

REPORT AND RECOMMENDATION - 2

When plaintiff filed a third action involving the same claim, 13-5560BHS/JRC, the court granted plaintiff *in forma pauperis* status and dismissed the action prior to service with the dismissal counting as a strike pursuant to 28 U.S.C. 19125(g) (13-5560BHS/JRC ECF No. 12).

28 U.S.C. § 1915(a) gives the Court the authority to dismiss an action if the action is frivolous, malicious, or fails to state a claim.  The standard for what constitutes "malicious" is not clearly defined, but some guidance exists.  In *Abdul-Akbar v. Department of Corrections*, 910 F. Supp. 986, 999 (D. Del. 1995), the District Court in Delaware considered the issue and stated:

> A separate standard for maliciousness is not as well established.  *Deutsch,* 67 F.3d at 1085-87 merely states that a district court 'must engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendants.' *Id*. Other Circuits, however, have offered more objective instances of malicious claims. For example, a district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court.  *Crisafi v. Holland*, 655 F.2d 1305 (D.C.Cir. 1981); *see also Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (stating that courts may dismiss pleadings with abusive or offensive language pursuant to the court's inherent powers under FRCP 12(f)). **In addition, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims**. *Id*.; *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).

*Abdul-Akbar v. Department of Corrections*, 910 F. Supp. 986, 999 (D. Del. 1995)(emphasis added).  Other courts have found that the term "malicious" means irresponsible or harassing litigation.

> The legal standard of "frivolous or malicious" is not capable of precise definition for it is a standard intended for administration within the broad discretion of the court and to be applied with reasonable restraint but as a practical response to irresponsible litigation which would otherwise be subsidized and encouraged by the generosity of the *in forma pauperis* statute.

*Daves v. Scranton*, 66 F.R.D. 5 (E.D. Pa. 1975).

REPORT AND RECOMMENDATION - 3

Plaintiff's attempts to file multiple actions involving the same issue after being advised on multiple prior occasions that defendants are immune from damages constitutes malicious litigation.  The Court recommends denial of *in forma pauperis* status and dismissal of this action.  This will hopefully discourage plaintiff from continuing to seek damages when the Court has ruled that defendants are immune from suit.

## CONCLUSION

Plaintiff's action is malicious because he has already received a ruling from the Court on the issue of damages.  This complaint (Dkt. 1) should be dismissed and plaintiff's application to proceed *in forma pauperis* (Dkt. 3) should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 14, 2014, as noted in the caption.

**DATED** this 24 day of February, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4